**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | ~~Eastern District of North Carolina~~ District of the Northern Mariana Islands |
|---|---|
| Name (under which you were convicted): John S. Pangelinan | ~~E.D.N.C.~~ DNMI Civil No. CV 07 - 0025 |
| Place of Confinement: SeaTac Federal Detention Center, State of Washington | Prisoner No.: 00400-005 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | John S. Pangelinan |

FILED
Clerk
District Court

JUN 28 2007

For The Northern Mariana Islands
By ______
(Deputy Clerk)

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: District Court for the Northern Mariana Islands, 2nd Fl. Horiguchi Bldg., Garapan, Saipan, Commonwealth of the Northern Mariana Islands

   (b) Criminal docket or case number (if you know): Criminal Case No. 06-00012

2. (a) Date of the judgment of conviction (if you know): I believe it to be on September 27, 2006

   (b) Date of sentencing: I believe it was on January 04, 2007

3. Length of sentence: One Year Imprisonment

4. Nature of crime (all counts): Two Counts of Obstruction of Court Order, for violation of 18 U.S.C. §1509

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☑ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals for the Ninth Circuit

(b) Docket or case number (if you know): Docket No. 07-10032

(c) Result: Pending

(d) Date of result (if you know): Pending

(e) Citation to the case (if you know): U.S.A. v. Pangelinan

(f) Grounds raised: Because I have not received my copy of my court-appointed attorney's opening brief, and because I have not been in contact with him, I do not know for certain. I believe, however, that it is (1) the non-applicability of 18 U.S.C. § 1509 to me as party to the obstructed order, and, (2) my speech conduct in my letters to the editor were not "true threat".

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: District Court for the Northern Mariana Islands

(2) Docket or case number (if you know): DC Docket No. 06-00034

(3) Date of filing (if you know): October 4, 2006

(4) Nature of the proceeding: Habeas corpus under 28 U.S.C. § 2241

(5) Grounds raised: All the grounds raised hereunder -- Ground One in particular.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: Petition denied

(8) Date of result (if you know): January 10, 2007

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: District Court for the Northern Mariana Islands

(2) Docket or case number (if you know): DC Docket No. 07-0004

(3) Date of filing (if you know): January 22, 2007

(4) Nature of the proceeding: Habeas corpus under 28 U.S.C. § 2241

(5) Grounds raised: All the grounds raised hereunder -- Ground Two in particular.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: Petition denied

(8) Date of result (if you know): January 24, 2007

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☑ No ☐

(2) Second petition: Yes ☑ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** District Court lacked subject matter jurisdiction in the Article III sense for obstruction of court order issued in Civ.A. 97-0073.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Obstructed court order is void because district court in Civ.A. 97-0073 was without Article III subject matter jurisdiction (plaintiffs (1) suffered no injury (no standing) and (2), if injured, injury (standing) too remote); was without personal jurisdiction over defendants -- CNMI long-arm statute invalid, and, also without personal jurisdiction for insufficiency of service of process. FACTS: 1) District court found plaintiffs unable to be paid wages owed them by Papa's, Ltd., because assets of Papa's, Ltd. were transferred to movant thereby judgment-proofed corporation. 2) CNMI is not a state but a territory under complete sovereignty of the U.S.A. 3) Service of summons and complaint was by mail only which were received, not by individual defendants, but by their daughter Fee.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ I do not know if my attorney raised these issues in the appeal, but he did not raise them at trial. I

(2) If you did not raise this issue in your direct appeal, explain why: however, have on numerous occasions told my attorney to raise them at trial level to thereby preserve them for the appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Habeas corpus petition filed January 22, 2007.

Name and location of the court where the motion or petition was filed: District Court for the Northern Mariana Islands, 1st Flr., Horiguchi Bldg., Garapan, Saipan, CNMI.

Docket or case number (if you know): Civil Action No. 07-0004

Date of the court's decision: January 24, 2007

Result (attach a copy of the court's opinion or order, if available): District court denied petition on procedural grounds

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☑ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ See "Result" below.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: U.S. Court of Appeals for the Ninth Circuit, San Francisco, California.

Docket or case number (if you know): Docket No. 07-15355

Date of the court's decision: June 5, 2007

Result (attach a copy of the court's opinion or order, if available): Appellate court did not rule on the merits, denied certificate of appealability, indicated that movant may file this motion, and, motion is not "second and successive".

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: See "Result" above.

REQUEST: Court is requested to grant movant leave to access his computer, prepare, and to submit a supplement memorandum (argument) in support of this motion

GROUND TWO: District court lacked Article III subject matter jurisdiction as 18 U.S.C § 1509 is not applicable to movant as a "party and privy" to the ob-

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): structed court order; for double jeopardy grounds; and, for Court's failure to exercise "least possible power to the end proposed". Facts: 1) Jury found movant as "party and privy" to the obstructed court order. 2) Movant indicted by Grand Jury for essentially a contempt of court charge. 3) Movant, before his incarceration, was already punished by the court by sale of his property in Civ. A. 97-0073 for what essentially was a contempt of court. 4) The Court did not exercise "least possible power to the end proposed" for essentially was a contempt of court.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ I do not know if my attorney raised the issues in the appeal.

(2) If you did not raise this issue in your direct appeal, explain why: My counsel, however, was urged to raise the issues a number of times, a part of which was raised at trial level.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Habeas corpus petition filed October 4, 2006

Name and location of the court where the motion or petition was filed: District court for the Northern Mariana Islands, 1st Flr., Horiguchi Bldg., Garapan, Saipan, CNMI.

Docket or case number (if you know): Civil Action No. 06-00034

Date of the court's decision: January 10, 2007

Result (attach a copy of the court's opinion or order, if available): ~~Appellate court did not rule on the merits, denied certificate of appealability, indicated that movant may file this motion, and, motion is not "second and successive".~~ → District court denied petition on procedural grounds.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☑ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ See "Result" below.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: U.S. Court of Appeals for The Ninth Circuit, San Francisco, California.

Docket or case number (if you know): Docket No. 07-15156

Date of the court's decision: June 5, 2007

Result (attach a copy of the court's opinion or order, if available): Appellate court did not rule on the merits, denied certificate of appealability, indicated that movant may file this motion, and, motion is not "second and successive".

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: See "Result" above.

REQUEST: Court is requested to grant movant leave to access his computer, prepare, and to submit a supplemental memorandum (argument) in support of this motion.

**GROUND THREE:** None

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

**GROUND FOUR:** None

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: None

REQUEST: Movant requests that judgment vacation be entertained by a judge other than Judges Munson and Wiseman. The public is made aware by movant's letter to editor of huge lawsuit coming to those who injured him. These judges are potential defendants to the lawsuit. They cannot [or can] hardly be impartial.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☑ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. U.S. Court of Appeals for the Ninth Circuit, San Francisco, California, Doc. No. 07-10032. I do not know the type of proceeding it is (I suppose it is just a regular appeal proceeding) nor do I know for certain the issues raised by my counsel.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Steven Pixley, Garapan, Saipan, C.N.M.I.

(b) At arraignment and plea: Ditto

(c) At trial: Ditto

(d) At sentencing: Ditto

(e) On appeal: Ditto

(f) In any post-conviction proceeding: None. I "appeared" pro se.

(g) On appeal from any ruling against you in a post-conviction proceeding: None. I appealed as pro se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ❑ No ☑ Sentenced to two counts to serve concurrently.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ❑ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ❑ No ❑ N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: vacate and set aside judgment in Crim. A. # 06-00012; issue writ of coram nobis or declaratory judgment under 28 U.S.C. § 2201, 2202 vacating or setting aside judgment in Crim. A. # 04-00017, or any other relief to which movant may be entitled, and vacating and setting aside final judgment, under 28 U.S.C. § 2201, 2202, in Civil Action No. 97-0073.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on June 15, 2007 (month, date, year).

Executed (signed) on June 15, 2007 (date).

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ______________________________

* * * * *

AO 243
(Rev. 12/04)

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

**(Motion Under 28 U.S.C. § 2255)**

## Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the appropritate form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for the Northern Mariana Islands
   Att: Prisoner Litigation Section
   P.C. Box 500687, Saipan, MP 96950

9. <u>CAUTION:</u> **You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

ORIGINAL