John S. Pangelinan
Reg. # 00400-007, Unit EC, Cell 4U
FDC SEATAC
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198-1090

Pro se

FILED
Clerk
District Court

AUG 15 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

John S. Pangelinan

　　Plaintiff,

vs.

United States of America

　　Defendant.

Civil Action No. 07-0025

Motion for Reconsideration and Withdrawal of Order of July 27, 2007: Order Denying Motion Under 28 U.S.C. § 2255, and, for Continuance, Pursuant to Rule 12, Rules Governing Section 2255 Proceedings, and the Federal Rules of Civil Procedure, Rule 59 and Other Applicable Rules

COMES NOW, John S. Pangelinan, hereinafter "Pangelinan", and moves this court for reconsideration and withdrawal of Order of July 27, 2007: Order Denying Motion Under 28 U.S.C. § 2255, and, for Continuance, pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings and of the Federal Rules of Civil Procedure,

-1-

Rule 59 and other applicable rules.

### Timeliness of Motion

This motion is timely under Rule 3(d) and Rule 12 of the Rules Governing Section 2255 Proceedings and Rule 6 and Rule 59(b) of the Federal Rules of Civil Procedure.

### Procedural Background

District court denied Pangelinan's 28 U.S.C. § 2255 motion because an appeal is pending before the U.S. Court of Appeals for the Ninth Circuit of the underlying criminal case U.S.A. v. Pangelinan, Crim. Action No. 06-00012, District Court for the Northern Mariana Islands, which thus rendered the court without "subject matter jurisdiction" in reference to Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987) and Order, United States v. Pangelinan, No. 07-10355 (9th Cir. June 12, 2007).

Pangelinan filed this case with this court for his release and discharge and vacation and dismissal of the judgment and the criminal case above-referred, and other remedies, under 28 U.S.C. § 2255, All Writs Act (28 U.S.C. § 1651), and the Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202). Pangelinan is presently under the custody of the U.S. Government. Pangelinan satisfies the "case and controversy" requirements of Article III of the U.S. Constitution, 28 U.S.C. § 1331 and 28 U.S.C. § 2241, et seq. -- Pangelinan being in custody pursuant to the convic-

-2-

tion and sentence of this court in the above-referred criminal case. Thus, this court has jurisdiction over the subject matter of this case.

## Statement of Facts

Pangelinan presents additional facts, in addition to the facts stated in the Section 2255 motion:

1. Steven P. Pixley, Attorney at Law, who is representing Pangelinan in the above-referred criminal case and in the USA v. Pangelinan, Docket No. 07-10032, U.S. Court of Appeals for the Ninth Circuit, has not put to issue this court's subject matter jurisdiction in the appeal. This information was received by Pangelinan no earlier than June 29, 2007.

2. As told Pangelinan by his son, Christopher, the appeal (and oral argument) is calendared to be heard by the Circuit Court on August 11, 2007, at San Francisco. Pangelinan is not sure, however, if oral argument is to be made by the parties on the scheduled date.

3. Pangelinan's release date, which would be the completion date of his sentence of incarceration of one year, pursuant to his con-

viction under the above-referred criminal case by this court, is presently scheduled by the Bureau of Prisons to be on September 14, 2007.

4. Panyelinan, on numerous occassion, have informed this court that it proceeded in <u>Trinidad, et al. v. Panyelinan, et al.</u>, Civil Action No. 93-0073, District Court for the Northern Marianas Islands, without Article III subject matter jurisdiction required of the U.S. Constitution, and that it proceeded with the case without jurisdiction over the person of Panyelinan, etc., thus rendering the judgment of the court in the aforesaid case void, in ~~that~~ the said civil case and in the subsequent related criminal cases, and, have informed the appellate court at every opportune time in the appeals of the criminal and civil cases. Panyelinan, not just informed, but in some instances argued and moved, prose, for remedies of vacature, discharge, release, annulment, etc.. In addition, Panyelinan informed, and likewise requested, the same of his defense attorneys in the previous two criminal case (one was represented by Tim Bellas) and presently pending criminal case in the appellate court

- 4 -

--- this court's Docket No. 06-00012;
appellate court's Docket no. 07-10032.

## Unusual Circumstances Exist

The 9th Circuit Court in <u>Feldman v. Henman</u>, 815 F.2d 1318 (9th Cir. 1987), speaks of a "power rest[ing] in a federal court that passes an order or decision to change its position on a subsequent review in the same cause, [but that] orderly judicial action, <u>except in unusual circumstances</u>, requires it to refuse to permit the relitigation of matters or issues previously determined on a former review." (underline originally in italics)(brackets mine). It again reiterated the same thing but this time specifically in reference to 28 U.S.C. §2255 in <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988): "This Court has held that '[e]xcept under most unusual circumstances... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.' <u>Jack v. United States</u>, 435 F.2d 317, 318 (9th Cir. 1970)."

There here exist unusual ~~circumstances~~ circumstances to permit the court to reconsider and withdraw

-5-

its Order of July 27, 2007.

Pangelinan cannot escape the feeling that almost as if he is being nudged by the 9th Circuit Court to bring the issue of this court's lack of jurisdiction in the Trinidad case in a 28 U.S.C. § 2255 proceeding to render the criminal cases void. This Court was informed in this Court's Civil Action # 06-00034 by Pangelinan, upon his learning of the circuit court's dismissal of his petition for writ of habeas corpus on December 26, 2006, for court's lack of subject matter jurisdiction to entertain such a petition as an original matter, that the thereto argument and issues were to be put squarely before this court. What with the avoidance of Pangelinan to make such a motion, twice invited by this court in C.A. 06-00034 and C.A. 07-0004 to make such a motion and the circuit court's, in Doc. No.s 07-15156 and 07-N3N, reassuring agreement that it is really the type of proceeding with which to nullify Pangelinan's criminal conviction and sentence and the almost-inviting statement that a "future, properly filed 28 U.S.C. § 2255 motion by appellant should not be deemed a second or successive motion." Pangelinan has this feeling because the Appellate Court is cognizant of Pangelinan's unrelenting and tenacious endea-

-6-

vor to persist in the nullification and dismissal of <u>Trinidad, et al. v. Pangelinan, et al.</u>, Civ. Action No. 99-0073, notwithstanding the obstacles, hurdles and gauntlets Pangelinan had to overcome. Nullification of the civil case will also nullify all the criminal cases. It seems somewhat perverse that this court now would, after Pangelinan reluctantly take on this court's invitation, reject his motion based on the very reason the appellate court used to "nudge" Pangelinan into doing. This court's action only further reinforces Pangelinan's cynical view of this court's non-impartiality and its unfettered determination to thwart Pangelinan's efforts. This, however, is all speculation, but the ~~appear~~ suspicion is there.

Pangelinan, by filing his motion at the particular time it was filed, is presented with a unique confluence of making of a Section 2255 motion, in custody, and with a prayer for proper relief, in meeting all jurisdictional requirements; which will not ever be present in the future again, nor were they all ever present in the past. The Ninth Circuit Court have scheduled the appeal to be heard on August 14, 2007. Assuming that on the same day the case is submitted for decision and made the very same day, judg-

ment will therefore be entered the same day and the court's mandate will issue not earlier than exactly four week later -- allowing three weeks time for rehearing petition to be filed (see Circuit Rule 26-1), assuming again that the court denies rehearing petition, if made, immediately, and allowing for mandate to issue 7 days after time the three-week rehearing period expires. With the mandate possibly issuing four weeks after, it will fall no sooner than September 13, 2007. And this, this court will not have it in its record, nor Pangelinan will have possession of the mandate, until not earlier than a week later, which will be way after Pangelinan is released for having fully served his sentence -- who will thereafter cannot file such motion for he no longer be in custody.

"A district court is wrong to conclude that, if respondent chooses to seek certiorari, he has to exhaust that remedy before filing a habeas petition." Roper v. Weaver, 167 L.Ed.2d 966 (2007). This court cannot put Pangelinan in the predicament the respondent was put by the district court in said Roper case -- that is, dismissing his motion to pursue his appeal that would put him way past the date, by which

-8-

Pangelinan must no later file his habeas motion, in exhausting appellate review of his case that incarcerated him -- the date, and thereafter, Pangelinan will have fully served his sentence and no longer incarcerated. In Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987), the 9th Circuit Court said that district court "should not entertain" habeas petition during pendency of an appeal, consisting with this ruling this must withdraw the order of denial of July 27, 2007, and withhold entertainment until after the appellate court has made its decision, after which the court may entertain Pangelinan's Section 2255 motion. There are two possible outcomes of the appeal, with whatever outcome the motion is still required to obtain the remedy requested: (1) the conviction is affirmed -- this necessarily places a need for the motion to be acted upon, and, (2) the conviction is reversed and retrial granted (Pangelinan's attorney prayed for retrial) -- this still places a need for action on Pangelinan's habeas motion (Pangelinan's prayed remedy is for vacation of the judgment (and dismissal of the action altogether necessarily follows) for courts lack of subject matter jurisdiction over the criminal case. It will, however, be preferable if the court makes a decision concurrently, because the issues and remedies are altogether different in the appeal and in the

motion, and that there is a need for the motion regardless of the outcome of the appeal. As Pangelinan has told this court, he is always entitled to his liberty, and as the U.S. Supreme Court reiterated in Fay v. Noia, 372 U.S. 391, 83 SCt. 822, 9 L.Ed.2d 837 (1963), "personal liberty is so great a moment in the eye law," or something to that effect.

## Conclusion

Pangelinan's motion to reconsider and withdraw order of July 27, 2007, and continue the matter must and should be granted.

## Declaration

I declare under penalty of perjury that the facts stated in the Statement of Facts above are true and correct to the best of my knowledge and recollection, and that this Motion to reconsider and withdraw and for continuance was placed in the prison mailing system on August 6, 2007, postage prepaid.

\* \* \* \* \*

Executed on August 6, 2007.

/s/ JJP
Signature of Movant
John S. Pangelinan